E-FILED
Thursday, 23 September, 2004  03:23:35 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| WILLIAM E. MASTRONARDI,    )<br>    )<br>    Plaintiff,    )<br>    )<br>v.    )<br>    )<br>CATERPILLAR INC.,    )<br>    )<br>    Defendant.    ) | Case No. 04-1145 |

## ANSWER TO COMPLAINT

Defendant Caterpillar Inc., by and through its attorneys, Seyfarth Shaw, and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, states as follows for its answer to Plaintiff's complaint:

### Jurisdiction and Venue

**COMPLAINT PARAGRAPH NO. 1:**

This court has jurisdiction of this case pursuant to 29 U.S.C. 626(c)(1), in that this is an action brought under the Age Discrimination Act of 1974, as amended, and under the Civil Rights Act of 1964, as amended.

**ANSWER:**

Defendant admits that Plaintiff purports to bring claims under the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and that, therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Defendant denies that it violated Plaintiff's rights under the ADEA or Title VII or any other law and denies that Plaintiff is entitled to any relief whatsoever. Defendant denies the remaining allegations contained in paragraph 1 of the complaint.

CH1 10788208.1

## COMPLAINT PARAGRAPH NO. 2

Plaintiff has exhausted all administrative requirements to bring this lawsuit. The Plaintiff in this case filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission which cross-filed his charge with the Illinois Department of Human Rights. On February 10, 2004, the EEOC issued Plaintiff his notice of Right-to-Sue, and Plaintiff brings the present lawsuit within 90 days of his receipt of the notice.

## ANSWER:

Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which cross-filed his charge with the Illinois Department of Human Rights ("IDHR"). Defendant further admits that the EEOC issued a notice of right to sue on February 10, 2004. Defendant is without information or knowledge sufficient to form a belief as to when Plaintiff received the same, but admits that Plaintiff filed the instant complaint within the statutory 90-day period. Defendant denies the remaining allegations contained in paragraph 2 of the complaint and, specifically, denies that Plaintiff has exhausted all administrative requirements pertaining to the claims that he now asserts in this lawsuit.

## COMPLAINT PARAGRAPH NO. 3:

Defendant Caterpillar Inc. has its principal place of business in this district and the actions that underlie thus complaint took place here.

## ANSWER:

Defendant admits that its principal place of business is located within the Central District of Illinois and that the alleged actions forming the basis for the complaint allegedly took place therein. Defendant denies the remaining allegations contained in paragraph 3 of the complaint.

### Party

## COMPLAINT PARAGRAPH NO. 4:

Plaintiff is a former employee of defendant Caterpillar Inc.

CH1 10788208.1

**ANSWER:**

Defendant admits the allegations contained in paragraph 4 of the complaint.

**COMPLAINT PARAGRAPH NO. 5:**

Pursuant to 29 U.S.C. 626(b), et seq., 29 U.S.C. 216(b), et seq., Plaintiff brings this lawsuit on behalf of himself as a result of being subjected to continuing age discrimination beginning with the institution of the "Performance and Development Process" (PDP) for the performance year 2000, and willful and wanton retaliation, including demotion and denial of promotions, for having consulted an attorney, Ms. Patricia Benasi, about the discriminatory impact of the new process on older workers protected by the ADEA ((Note: This Performance and Development Process is currently the subject of class action lawsuit, Case No. 02-1412, currently before this court)). Further, Plaintiff was continually denied promotions in favor of less qualified females within his business unit (Caterpillar Logistics Services, Inc.), the HR Shared Services organization, and other Caterpillar facilities.

**ANSWER:**

Defendant admits that Plaintiff purports to bring this lawsuit pursuant to 29 U.S.C. 626(b), *et seq.* and 29 U.S.C. 216(b), *et seq.* Defendant admits that a lawsuit currently pending in this Court (Case No. 02-1412) seeks to challenge Defendant's Performance Management Process. Defendant denies the remaining allegations contained in paragraph 5 of the complaint and, specifically, denies that Plaintiff was subjected to any age or sex discrimination or unlawful retaliation whatsoever.

**COMPLAINT PARAGRAPH NO. 6:**

Defendant CATERPILLAR INC. is a manufacturer of heavy machinery and equipment headquartered in Peoria, Illinois. It is an "industry affecting commerce" within the meaning of the ADEA.

**ANSWER:**

Defendant admits the allegations contained in paragraph 6 of the complaint.

CH1 10788208.1

## Claim for Relief

**COMPLAINT PARAGRAPH NO. 7:**

Plaintiff is currently age 63, and was age 62 when he was constructively discharged by being forced to retire effective January 1, 2003 as a result of Defendant's continued retaliatory actions and continued denial of promotion because of his age and sex.

**ANSWER:**

Defendant admits that Plaintiff is currently 63 years of age and that he was 62 years of age on January 1, 2003. Defendant denies the remaining allegations contained in paragraph 7 of the complaint.

**COMPLAINT PARAGRAPH NO. 8:**

Plaintiff began his career at Caterpillar Inc. on May 13, 1966 and progressed through a variety of Human Resource management positions (up to the level of Personnel Services Manager - salary grade 24) with consistently high to distinguished ratings.

**ANSWER:**

Defendant admits that Plaintiff began to work at Defendant on May 13, 1966 and that he progressed through a variety of management positions, mostly relating to Human Resources. Defendant further admits that, for a period of time, plaintiff worked as a Personnel Service Manager and at a management salary grade of 24. Defendant denies the remaining allegations contained in paragraph 8 of the complaint.

**COMPLAINT PARAGRAPH NO. 9:**

Ms. Thoma Mehl became Plaintiff's immediate supervisor following a reorganization effective on April 1, 2000, which resulted in the merger of two separate business units, Caterpillar Logistics Services and Parts and Service Support.

**ANSWER:**

Defendant admits the allegations contained in paragraph 9 of the complaint.

**COMPLAINT PARAGRAPH NO. 10:**

Up to the time of the merger, Plaintiff was the Personnel Services Manager (salary grade 24), serving the Parts and Service Support Business Unit in the U.S., which included the entire Morton facility and 9 Regional Distribution Centers located throughout the country. His ratings for the 2 years prior to the merger were in the "distinguished" category.

**ANSWER:**

Defendant admits that, immediately prior to the time of the merger, Plaintiff was in the position of Personnel Services Manager and at a management salary grade of 24 and that Parts and Service Support included the Morton facility and nine regional distribution centers. Defendant denies the remaining allegations contained in the first sentence of paragraph 10 of the complaint and denies the allegations contained in the second sentence of paragraph 10 of the complaint.

**COMPLAINT PARAGRAPH NO. 11:**

Effective with the merger on April 1, 2000, Plaintiff was told by Thoma Mehl that he would become the Global HR Measures Manager which, while not yet evaluated, was at least equal to his current salary grade 24 position and would probably become a salary grade 25. Plaintiff was left with no alternative as it was already predetermined that this would be his assignment.

**ANSWER:**

Defendant admits that, following the April 1, 2000 merger, Plaintiff was placed in the position of Global HR Measures Manager and that, in that capacity, he temporarily retained his management salary grade 24 status. Defendant denies the remaining allegations contained in paragraph 11 of the complaint.

**COMPLAINT PARAGRAPH NO. 12:**

Despite successfully accomplishing the requirements of his new position, including budgeting responsibilities for the department and putting together a benchmarking plan for Human Services, Ms. Mehl in August 2000 informed the Plaintiff that he was moving, that he was "doing fine, everything that I want you to, I know you're unhappy and will try to get you into something you like to do." No mention of "poor performance" was ever made during this meeting.

CH1 10788208.1

**ANSWER:**

Defendant admits that Ms. Mehl informed Plaintiff in or around August 2000 that he would be moving to another position and that she conveyed to him that she understood that he was unhappy and that she would try to move him into a position that he would like. Defendant denies the remaining allegations paragraph 12 of the complaint.

**COMPLAINT PARAGRAPH NO. 13:**

On September 18, 2000, Plaintiff's immediate supervisor, Donald M. Anderson told Plaintiff, "Bill, I'm pleading with you. Kathleen (Hannemann) is sinking. I need you and your experience up there." Ms. Hannemann had been assigned as EEO Coordinator in April, 2000 having had no prior HR experience of any kind.

**ANSWER:**

Defendant denies the allegations contained in paragraph 13 of the complaint.

**COMPLAINT PARAGRAPH NO. 14:**

Plaintiff agreed to work with and train Ms. Hannemann on this temporary assignment, yet despite making significant contributions as documented in his 2000 performance review, he was rated a 4. When asked, Mr. Anderson said that the Plaintiff was being placed in the "Special Action" category. Fearing the same treatment as one of the Plaintiff's peers, Mr. Tom Beiderbeck who was discharged by Ms. Mehl in December, 2000, Plaintiff left the premises under extreme duress due to this unforeseen development to seek help and possibly sign retirement papers in the corporate office. He then consulted with Attorney, Patricia Benasi regarding age discrimination as a result of the new Performance and Development Process, which is very similar to that implemented and challenged at Ford Motor Company.

**ANSWER:**

Defendant admits that in approximately September 2000, Plaintiff was transferred to the position of EEO Coordinator, in which capacity he worked with Ms. Hanneman. Defendant further admits that Mr. Anderson issued to Plaintiff a rating of "4" and placed him on an Employee Action Plan. Defendant denies the remaining allegations contained in the first and second sentences of paragraph 14 of the complaint. Defendant is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of paragraph 14 of the complaint and, accordingly, denies the same.

**COMPLAINT PARAGRAPH NO. 15:**

While Plaintiff chose at that time not to pursue legally [sic], and would attempt to return to work, he was later told by Mr. Anderson and others that Thoma Mehl was "furious" with him for having consulted Ms. Benasi about age discrimination, and that he had "embarrassed her". Despite Ms. Mehl's desire to discharge the Plaintiff, she was counseled to allow him to return to work which he did in mid-March, 2001.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to whether, while Plaintiff was employed by Defendant, he consulted an attorney regarding purported age discrimination and/or he chose not to pursue legal action and, accordingly, denies the allegations contained in the first sentence of paragraph 15 of the complaint to the effect that Plaintiff "chose at that time not to pursue [legal action]" and that he had "consulted Ms. Benasi about age discrimination." Defendant denies the remaining allegations contained in paragraph 15 of the complaint.

**COMPLAINT PARAGRAPH NO. 16:**

From that time forward, Plaintiff was denied promotional opportunities and was eventually demoted by Ms. Mehl on October 1, 2001 under the pretense that it was a reclassification. Shortly after, Ms. Hannemann and Ms. Connie Neville were promoted through reclassifications to supervisory positions with functions that the Plaintiff had previously managed. Ms. Hannemann became Plaintiff's immediate supervisor despite having about 4 years (compared to 35 for the Plaintiff) with the company and no prior experience.

**ANSWER:**

Defendant denies the allegations contained in the first sentence of paragraph 16 of the complaint. Defendant admits that Ms. Hannemann and Ms. Neville were reclassified to positions with supervisory duties and that, in a broad sense, their jobs included some functions that overlapped with some of the functions previously performed by some of Plaintiff's former direct

reports. Defendant denies the remaining allegations contained in the second sentence of paragraph 16 of the complaint. Defendant admits that Ms. Hanneman became Plaintiff's immediate supervisor and admits that she had approximately four years of service with Defendant and that Plaintiff had approximately 35 years of service with Defendant at that time. Defendant denies the remaining allegations contained in paragraph 16 of the complaint and, specifically, denies the allegation that Ms. Hanneman had "no prior experience."

**COMPLAINT PARAGRAPH NO. 17:**

Ms. Mehl falsely claims that she did everything she could to find an appropriate position for the Plaintiff, however, her actions and numerous negative comments served to virtually destroy what was once an excellent reputation. Her reference to his "reclassification" was nothing more than a manipulated demotion. Plaintiff was not given the opportunity to provide input to his "new job description" which was contrary to the practice at that time as other younger and female employees were given that opportunity, including Ms. Hannemann.

**ANSWER:**

Defendant denies the allegations contained in paragraph 17 of the complaint.

**COMPLAINT PARAGRAPH NO. 18:**

Age and sex discrimination and retaliation were subsequently continued by other company managers, including those in Corporate Human Services and the new Shared Services organization formed in 2002 with many positions filled in the last quarter of that year by younger, mostly female employees. In the filling of these positions, which he applied for, Plaintiff' was denied his rights under the Salaried Employment Protection Program and the Shared Services own stated criteria for filling its lead and supervisory positions, which would have returned Plaintiff to his original salary grade 24 position or higher.

**ANSWER:**

Defendant denies the allegations contained in paragraph 18 of the complaint.

**COMPLAINT PARAGRAPH NO. 19:**

The continuing discrimination and retaliation because of Ms. Mehl's actions, and those of other managers, have resulted in plaintiffs being subjected to extreme humiliation and loss of earnings potential. Additionally, these actions made it necessary for Plaintiff to seek treatment from his physician for severe depression.

CH1 10788208.1

**ANSWER:**

Defendant denies the allegations contained in paragraph 19 of the complaint.

**COMPLAINT PARAGRAPH NO. 20:**

Ms. Mehl has a well-known reputation for using her position, to "get" those who disagree with or challenge her in any manner, including complaints of poor treatment and discrimination.

**ANSWER:**

Defendant denies the allegations contained in paragraph 20 of the complaint.

**COMPLAINT PARAGRAPH NO. 21:**

While the Plaintiff's department consisted of approximately 75% female employees and 25% male employees, the vast majority of poor performance ratings (approximately 70%) were given to male employees, all over age 40 and most over age 50.

**ANSWER:**

Because the allegations contained in paragraph 21 of the complaint are vague and ambiguous – in particular, Plaintiff's "department" is not identified or defined and no time frame is provided – Defendant denies the same.

**COMPLAINT PARAGRAPH NO. 22:**

Between the time of the merger in April, 2000 and December 31, 2002, all male managers (5, including the HR Manager of the Grimbergen Belgium facility) of the much larger group (Parts and Service Support) were either fired or coerced into retirement. All were over age 40 and 4 over age 50.

**ANSWER:**

Defendant denies the allegations contained in paragraph 22 of the complaint.

**COMPLAINT PARAGRAPH NO. 23:**

Plaintiff made it well known to his immediate and higher managers (including those at the corporate level), that he strongly desired to work until mid-2006 in order to meet his financial obligations to his family. The humiliation experienced by being forced to stay in a position at salary grade 22, a level he first reached over 30 years ago, caused him to choose unwanted retirement after it became clear that no opportunities would develop.

**ANSWER:**

Because the allegations contained in the first sentence of paragraph 23 of the complaint are vague and ambiguous – in particular, Plaintiff's "immediate and higher managers" are not identified or defined and no time frame is provided, Defendant denies those allegations. Defendant denies the allegations contained in the second sentence of paragraph 23 of the complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred to the extent that they are beyond the scope of his administrative charge of discrimination.

### SECOND DEFENSE

To the extent that Plaintiff seeks to base his claims on events occurring outside the applicable statute(s) of limitations, his claims are barred.

### THIRD DEFENSE

To the extent that Plaintiff has failed to make reasonable efforts to mitigate any damages allegedly resulting from Defendant's conduct, his claims for damages are barred.

### FOURTH DEFENSE

Plaintiff's claim for liquidated damages is barred by Defendant's good faith efforts to comply with the ADEA.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief requested in his complaint or any relief whatsoever, and respectfully requests that Plaintiff take nothing by his

complaint, and that Defendant be awarded its reasonable attorney's fees and costs, and such other and further relief as the Court may deem just and proper.

**DATED: September 23, 2004**                Respectfully submitted,

CATERPILLAR INC.

By _____
One of Its Attorneys

Joseph S. Turner
Anne E. Duprey
SEYFARTH SHAW LLP
55 Eats Monroe Street, Suite 4200
Chicago, Illinois 60603
(312-346-8000

M. Andrew McGuire
Attorney
Caterpillar Inc.
100 Northeast Adams Street
Peoria, Illinois 61629
309-675-4912

11

CH1 10788208.1

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2004, I electronically filed the foregoing **ANSWER TO COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such fiing to the following:

>James P. Baker
>Baker, Baker & Krajewski, LLC
>415 South Seventh Street
>Springfield, Illinois 62701

and I hereby certify that I have mailed by U.S. Postal Service the foregoing to the following non-CM/ECF participant:

>William Mastronardi
>2404 Montecello Court
>Pekin, Illinois 61554.

>_____
>Joseph S. Turner, No. 06195834
>Attorney for Defendant
>Seyfarth Shaw LLP
>55 East Monroe Street, Suite 4200
>Chicago, Illinois 60603
>312-346-8000
>312-269-8869 (FAX)
>jturner@seyfarth.com

CH1 10788208.1