UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| WILLIAM E. MASTRONARDI, ) | |
| ) | |
| Plaintiff, ) | Case No. 04-1145 |
| ) | |
| v. ) | Judge Joe Billy McDade |
| ) | |
| CATERPILLAR INC., ) | Magistrate Judge Charles H. Evans |
| ) | |
| Defendant. ) | |

## AGREED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(1), it is hereby ordered that:

Plaintiff, WILLIAM E. MASTRONARDI, and Defendant, CATERPILLAR INC., by their respective attorneys of record, hereby stipulate as follows:

1. The purpose of this Protective Order is to protect against the unnecessary disclosure of confidential and/or proprietary information. Materials and information protected by this Order shall include personnel information and records relating to current and former Caterpillar Inc. employees other than Plaintiff. Protected information includes (but is not limited to) employee contact, identification, and discipline and compensation information produced in any form and the contents of any personnel file. Other materials protected by this Order include non-publicly available documents or information relating to the conduct of Defendant's business of a sensitive or proprietary nature, including trade secrets, operational details, information relating to Defendant's finances, business strategy, etc. Moreover, Plaintiff's medical records and subsequent employment records are encompassed by this Order. All such documents and information will hereafter be referred to as "Confidential Materials."

2. Because all Confidential Materials have been deemed presumptively confidential, and in order to expedite the parties' pre-trial production of documents, the parties will not be

CH1 10949914.1

required to stamp such documents as "CONFIDENTIAL" in order for the materials to receive confidential treatment.  However, the parties will cooperate in attempting to identify Confidential Materials in an appropriate manner (*e.g.*, by Bates number, etc.).

   3.  As used herein, "disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Materials, and the restrictions contained herein regarding disclosure of Confidential Materials shall also apply with equal force to any excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts or other documents which may be prepared in connection with this litigation which contain or refer to the Confidential Materials or information contained therein.

   4.  During the pendency of this litigation, Confidential Materials shall be retained solely in the custody of the parties' attorneys and shall not be placed in the possession of, or disclosed to, any other person, except as set forth in paragraph 6 below, as otherwise agreed upon by the parties, or upon leave of Court.  Confidential Materials contain sensitive information and shall be utilized only for the purpose of this litigation. Any person shown Confidential Material must be told of its confidential nature and must agree to keep it confidential.

   5.  Upon completion of this litigation (including exhaustion of appeals), all Confidential Materials, and all copies thereof, shall be returned to the producing party or opposing counsel shall certify in writing that all such materials have been destroyed or placed in secure storage.

   6.  As exceptions to the general prohibition on disclosure of Confidential Materials:

     a.  Confidential Materials may be used by the parties, their attorneys, and clerks, paralegals, secretaries and other support staff in the employ of such attorneys but only for the purpose of prosecuting or defending this case;

     b.  Witnesses or potential witnesses may review their own records;

CH1 10949914.1

  c. Witnesses or potential witnesses may review Confidential Materials which they prepared or which was distributed to them in the normal course of Defendant's business;

  d. Witnesses or potential witnesses may otherwise review Confidential Materials if such disclosure is necessary for the purpose of prosecuting or defending this litigation and if the witness agrees in writing to be bound by the terms of this Order;

  e. Confidential Materials may be used in all pretrial discovery proceedings, such as depositions, and may be filed in Court, such as in support of or in opposition to summary judgment, without having to be placed under seal;

  f. Confidential Materials may be reviewed by an expert witness or consultant expressly employed or retained by counsel or a party to this litigation to whom it is necessary to disclose Confidential information for the purpose of prosecuting or defending this litigation; and

  g. Confidential Materials may be used in all other pretrial proceedings, at trial and on appeal of this case.

7. Nothing in this Order shall bar or otherwise restrict any attorney for any party from rendering advice to his client with respect to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his client.

8. Any person or entity to whom Confidential Materials are disclosed in accordance with this Protective Order may use that Confidential Material solely in connection with the prosecution or defense of this litigation, and shall not disclose such Confidential Materials to any other person or entity (except as permitted above) or use such information for any other purpose in violation of the terms of this Protective Order.

9. The parties or anyone acting on their behalf may not voluntarily disclose any Confidential Materials to any state or federal law enforcement or regulatory agency, or any employee agent thereof, except as otherwise commanded by law or provided in this Order.

10. This Order does not limit the right of any party to object to the scope of discovery in the above-captioned action.

CH1 10949914.1

11. This Order does not constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections thereto.

12. Nothing shall prevent disclosure beyond the terms of this Order if both parties consent to such disclosure, or if the Court, after notice to both parties, permits such disclosure. Specifically, if and to the extent any party wishes to disclose any Confidential Materials beyond the terms of this Order, that party shall provide the other party with reasonable notice in writing of its request to so disclose the materials. If the parties cannot resolve their disagreement with respect to the disclosure of any Confidential Materials, then a party may petition the Court for a determination of these issues.

13.     The Court retains final authority to determine what is or is not a "Confidential" document and to remove the "Confidential" designation from any document governed by this Order as necessary to protect the public interest.

IT IS SO ORDERED.

ENTER:_____
United States District Court Judge

Dated:_____

AGREED TO BY:

_____/s/ James P. Baker_____
James P. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone: (217) 522-3445

Attorney for Plaintiff William E. Mastronardi


_____/s/ Joseph S. Turner_____
Joseph S. Turner
Anne E. Duprey
SEYFARTH SHAW LLP
55 East Monroe Street
Chicago, Illinois 60603
312-346-8000

M. Andrew McGuire
CATERPILLAR INC.
100 NE Adams Street
Peoria, IL 61629-7130
(309) 494-1932

Attorneys for Defendant Caterpillar Inc.

CH1 10949914.1